IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
                                                        :  Case No. 08-13412-BS
                                                        :
In re:                                                  :  Chapter 11
                                                        :  (Jointly Administered)
eTOYS DIRECT 1, LLC, et al.,[1]                         :  Hearing Date: 3/10/09 at 10:00 a.m.
                                                        :  Objection Deadline: 3/3/09 at 4:00 p.m.
                         Debtors.                       :
                                                        :
------------------------------------------------------- x

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF ARENT FOX LLP AS
COMMITTEE COUNSEL *NUNC PRO TUNC* TO JANUARY 8, 2009

The Official Committee of Unsecured Creditors (the "Committee") of eToys Direct, LLC, *et al.* (collectively, the "Debtors"), hereby presents this application (the "Application") for entry of an order authorizing the employment and retention of Arent Fox LLP ("Arent Fox") as counsel to the Committee *nunc pro tunc* to January 8, 2009 pursuant to Sections 328(a), 504 and 1103(a) of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Application, the Committee submits the declaration of Andrew I. Silfen (the "Silfen

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: eToys Direct 1, LLC (N/A); The Parent Company (7093); BabyUniverse, Inc. (7990); Dreamtime Baby, Inc. (8047); eToys Direct, Inc. (7296); PoshTots, Inc. (8660); eToys Direct 2, LLC (N/A); eToys Direct 3, LLC (N/A); Gift Acquisition, L.L.C. (0297); and My Twinn, Inc (1842). The address for each of the Debtors is 717 17th Street, Suite 1300, Denver, CO 80202, with the exception of PoshTots, Inc., the address for which is 5500 Cox Road, Suite M, Glenn Allen, VA 23060.

Declaration"), attached hereto as <u>Exhibit A</u> and incorporated herein by reference and represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' Chapter 11 cases and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 328(a), 504 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## Background[2]

The Debtors and their Businesses

2. On December 28, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition in the Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed to date.

3. The Parent Company ("TPC") is a market-leading digital content and eCommerce company focused on parents and growing families, and is the direct or indirect 100% shareholder of each of the Debtors. Its businesses include seven ecommerce sites and three revenue generating eContent sites. TPC's sells toys and children's products through its eToys.com and

---

[2] The background facts set forth herein are stated upon information and belief, and are based upon the representations contained in papers filed by the Debtors in these proceedings. No statement contained herein shall be binding on, or be deemed an admission by, the Committee or its members with regard to the accuracy or completeness of any such background facts.

KBtoys.com web sites, catalogs, and strategic retail partnerships. TPC's My Twinn brand sells personalized dolls and related accessories. TPC is a leading online retailer of brand-name baby, toddler, and maternity products sold through the BabyUniverse.com and DreamtimeBaby.com web sites. TPC's luxury brands, PoshTots.com and PoshLiving.com offer luxury baby apparel and furnishings. With its eContent sites, BabyTV.com, PoshCravings.com and ePregnancy.com, TPC has established a recognized platform for the delivery of content and new media resources to a national audience of expectant parents.

4. TPC is the direct 100% shareholder of debtors BabyUniverse, Inc.; Dreamtime Baby, Inc.; eToys Direct, Inc.; and PoshTots, Inc. eToys Direct, Inc., in turn is the 100% shareholder of eToys Direct 1, LLC; eToys Direct 2, LLC; eToys Direct 3, LLC; Gift Acquisition, L.L.C.; and My Twinn, Inc. The majority of TPC's common stock is owned by D.E. Shaw Laminar Acquisition Holdings 3, L.L.C.

The Committee and its Selection of Professionals.

5. On January 8, 2009, the Office of the United States Trustee appointed seven (7) members to the Committee. A list of the members of the Committee is annexed hereto as Exhibit B.

6. At a meeting during which each of the Committee members participated, the Committee selected and formally voted to retain Arent Fox LLP as counsel and Elliott Greenleaf, P.C. as Delaware counsel, subject to the approval of this Court.

**Relief Requested**

7. The Committee seeks to employ Arent Fox, which maintains offices for the practice of law at 1675 Broadway, New York, NY 10019, as well as offices in Washington, DC, and Los Angeles, CA, as its counsel in these Chapter 11 cases.

3

8. The Committee selected Arent Fox because the partners and associates of Arent Fox have considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and intellectual property, among others. Accordingly, the Committee believes that Arent Fox is well qualified to represent it in these Chapter 11 cases.

9. Andrew I. Silfen, a partner with Arent Fox, co-chairs the Financial Restructuring and Bankruptcy Group. Mr. Silfen frequently represents creditors' committees, indenture trustees and bondholders in bankruptcy proceedings. Mr. Silfen received his LLM (corporate) from New York University School of Law in 1994 and his J.D. from Brooklyn Law School in 1986.

10. Schuyler G. Carroll will be primarily responsible for Arent Fox's representation of the Committee in this matter. Schuyler Carroll is a partner with Arent Fox's Financial Restructuring and Bankruptcy Group and for over sixteen years has concentrated in bankruptcy and insolvency business law. Mr. Carroll has counseled large and small corporations, committees, creditors, landlords, trustees, indenture trustees, and investors and purchasers in Chapter 7 and 11 bankruptcy proceedings, out-of-court workouts and non-judicial reorganizations and restructurings. Mr. Carroll regularly represents creditors' committees, as well as troubled companies, trade creditors and other clients in out-of-court restructurings and workouts, bankruptcy and insolvency proceedings and related state and federal court litigation including foreclosures, recovery and collection actions, enforcement proceedings, loan participation and inter-creditor disputes. Mr. Carroll also has extensive experience in representing purchasers and sellers of debt and equity positions and assets of troubled, distressed, insolvent and bankrupt businesses as well as acquiring or gaining control of such companies.

NYC/418197.2

Mr. Carroll received his J.D. from the St. John's University School of Law (*cum laude*) where he was a member of the St. John's Law Review and received his B.A. from the State University of New York at Binghamton.

### Services to be Provided by Arent Fox

11. The professional services Arent Fox will be required to render include, but are not limited to the following:

    (a) to assist, advise, and represent the Committee in its consultation with the Debtors relative to the administration of these Chapter 11 cases;

    (b) to assist, advise and represent the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales or dispositions;

    (c) to attend meetings and negotiate with the representatives of the Debtors;

    (d) to assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

    (e) to assist the Committee in the review, analysis and negotiation of any plan(s) of reorganization or liquidation that may be filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any plan(s) of reorganization or liquidation;

    (f) to assist the Committee in the review, analysis, and negotiation of any financing or funding agreements;

    (g) to take all necessary action to protect and preserve the interests of the Committee, including, without limitation, the prosecution of actions on its behalf, negotiations concerning all litigation in which the Debtors are involved, and review and analysis of all claims filed against the Debtors;

    (h) to generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

    (i) to appear, as appropriate, before this Court, the appellate courts, and other courts in which matters may be heard and to protect the interests of the Committee before said courts and the United States Trustee; and

    (j) to perform all other necessary legal services in these cases.

12. Arent Fox has indicated a willingness to act on behalf of the Committee and render the necessary professional services as attorneys for the Committee.

13. Subject to this Court's approval, Arent Fox will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The following are Arent Fox's current hourly rates for work of this nature:

| | |
|---|---|
| Partners: | $465 - $840 |
| Of Counsel: | $465 - $760 |
| Associates: | $290 - $540 |
| Paraprofessionals: | $150 - $270 |

Arent Fox's hourly rates are subject to adjustment on a periodic basis, typically annually.

14. Arent Fox intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court. Compensation will be payable to Arent Fox in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Arent Fox.

15. The Committee believes that the retention of Arent Fox *nunc pro tunc* to January 8, 2009 is in the best interests of the Committee, the Debtors, their estates and creditors. *Nunc pro tunc* relief should be granted because, prior to the selection of Arent Fox, the Debtors filed numerous substantive motions, including motions to approve bid procedures for substantially all of the Debtors' assets and to approve an incentive bonus plan for senior management. The

objection deadline for these motions and others were set less than 24 hours after Arent Fox was selected. Accordingly, immediately upon its selection of counsel, Arent Fox professionals began reviewing the numerous pleadings filed in these cases, as well as all publicly available information to gain a comprehensive understanding of the Debtors' operations, debt-structure and relationship with its pre- and post-petition secured lender. In addition, Arent Fox professionals reached out to the Debtors' professionals to establish a meeting for the Debtors to present and inform the Committee regarding the facts and circumstances of these rapidly moving cases. The Committee professionals also began to prepare their retention application.

16. During the time period between the January 8, 2009 retention date and the filing of this Application, Arent Fox completed its complex and substantial connections check so that it could comply with the Bankruptcy Code and requirements of Federal Rule of Bankruptcy Procedure 2014.

17. Accordingly, the undersigned asserts that retention *nunc pro tunc* requested by this Application is appropriate. *See, e.g., In re WorldSpace, Inc.*, Case No. 08-12412-PJW, Docket No. 210 (granting applications to employ committee counsel *nunc pro* tunc); *In re Distributed Energy Systems Corp.*, Case No. 08-11101-KG, Docket No. 194 (same); *In re Progressive Molded Products Inc.*, Case No. 08-11253-KJC, Docket No. 213 (same).

### Disinterestedness of Professionals

18. To the best of the Committee's knowledge, other than as disclosed in the Silfen Declaration, Arent Fox and its respective attorneys have no connection with and no interests adverse to the Committee, the Debtors, the creditors, the estates or any other party in interest herein or their respective attorneys or accountants in matters relating to the Debtors and their estates.

19. To the best of the Committee's knowledge and except as otherwise disclosed in the Silfen Declaration, Arent Fox (i) does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained, (ii) Arent Fox is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code (as modified by Section 1103(b) of the Bankruptcy Code), (iii) neither Arent Fox nor its professionals have any connection with the Debtors, their estates or creditors, and (iv) Arent Fox's employment is necessary and in the best interests of the Debtors' estates.

### Notice and No Prior Application

20. Notice of this Application has been provided to: (a) the Office of the United States Trustee, (b) counsel to the Debtors and (c) all other persons who requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that such notice is sufficient, and requests that this Court find that no further notice of the relief requested herein is necessary or appropriate.

21. No prior motion or application has been made for the relief requested herein to this or any other Court.

### Conclusion

WHEREFORE, the Committee respectfully requests that this Court enter an order, in substantially the form attached hereto as Exhibit C, (i) granting this Application; (ii) authorizing the Committee to employ and retain Arent Fox as its counsel, *nunc pro tunc* to January 8, 2009; and (iii) granting such other, further and different relief as is just and proper.

Dated: Streetsboro, Ohio
January 22, 2009

        THE OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS OF ETOYS DIRECT 1, LLC

        By: *[signature]*
            Nancy A. Shaw
            *In her capacity as Committee Co-Chair*
            The Step2 Company LLC
            10010 Aurora-Hudson Road
            Streetsboro, Ohio 44241