IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x
In re:                                            | Case No. 08-13412 (BLS)
eTOYS DIRECT 1, LLC, *et al.*,[1]                 | Chapter 11
           Debtors.                               | Jointly Administered
                                                  | Hearing Date: 12/16/2009 @ 2:30 p.m.
                                                  | Obj. Deadline: 12/9/2009 @ 4:00 p.m.
------------------------------------------------- x

## OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROOF OF CLAIM FILED BY THE TREASURER OF PITTSYLVANIA COUNTY

The Official Committee of Unsecured Creditors (the "Committee") of eToys Direct 1, LLC, *et al.* (the "Debtors"), as and for its objection (the "Objection") seeking entry of an order reducing the amount of proof of claim number 433 (the "Claim"), filed by the Treasurer of Pittsylvania County (the "Pittsylvania"), respectfully represents as follows:

### PRELIMINARY STATEMENT

1. Pittsylvania alleges that the Debtors owe personal property taxes for the period of eleven months after the Debtors sold all of their assets, despite the fact that the Debtors did not own any personal property. While the Committee does not dispute that the Debtors owe Pittsylvania personal property taxes for 2008, Pittsylvania's Claim for 2009 taxes should be expunged.

2. The Debtors filed for bankruptcy protection in December 2008 and immediately began preparations to sell their remaining assets. All of the Debtors' tangible assets were sold at

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, if applicable, are: eToys Direct 1, LLC (N/A); The Parent Company (7093); BabyUniverse, Inc. (7990); Dreamtime Baby, Inc. (8047); eToys Direct, Inc. (7296); PoshTots, Inc. (8660); eToys Direct 2, LLC (N/A); eToys Direct 3, LLC (N/A); Gift Acquisition, L.L.C. (0297); and My Twinn, Inc (1842). The address for each of the Debtors is 717 17th Street, Suite 1300, Denver, CO 80202, with the exception of PoshTots, Inc., the address for which is 5500 Cox Road, Suite M, Glenn Allen, VA 23060.

an auction held on February 4, 2009. The Debtors conducted no operations after filing for bankruptcy protection, other than those necessitated by the upcoming auction and the wind down of their estates.

3. Despite the fact that the Debtors only owned the personal property being taxed for a period of one month at most, Pittsylvania seeks payment of $98,782.08, which represents taxes for the entire 2009 calendar year. In addition to the fact that there is no apparent basis for the 2009 taxes, it is inequitable to allow Pittsylvania to collect taxes for the period during which the Debtors did not own the property upon which the tax is based.

4. Pittsylvania has no right to personal property taxes for any portion of 2009. At minimum, however, the Claim should be reduced to reflect that the Debtors sold substantially all of their assets on February 4, 2009. Further, even if any tax for 2009 is due, it should be calculated only upon value at the time, which is likely close to liquidation value, as the assets were liquidated shortly thereafter.

## JURISDICTION AND VENUE

5. Venue of this case and the within Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 *et seq.* This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 507(a)(8) of title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

6. On December 28, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). No trustee or examiner has been appointed in these cases.

7. On January 9, 2009, the Office of the United States Trustee appointed the Committee (Doc. No. 79).

8. On February 4, 2009, the Debtors conducted an auction at which substantially all of their assets were sold.[2]

9. On April 21, 2009, Pittsylvania filed the Claim totaling $241,827.35 for personal property taxes for the years 2008 and 2009; a copy of the Claim is attached hereto as <u>Exhibit A</u>.

## **OBJECTION**

10. Upon reviewing Pittsylvania's Claim and consulting with the Debtors, it is clear that the Debtors do not owe Pittsylvania taxes for the 2009 taxing year, with the possible exception of the month of January. There appears to be no legal basis for the Claim, and Pittsylvania was unable to point to one despite repeated efforts of both the Debtors and the Committee to resolve this Claim consensually.

11. Pursuant to section 502(a) of the Bankruptcy Code, any party in interest is permitted to object to claims. The Committee is a party in interest in these cases. Bankruptcy Code Section 502(a) also provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection is made, Section 502(a) provides that the Court, after notice and a hearing, shall determine the allowed amount of the claim. The Bankruptcy Code thus establishes shifting burdens with respect to substantiating a claim.

12. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a). *See In re Marian T. Vonegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, n.13 (Bankr. S.D.N.Y. 2000). In order to receive the

---

[2] A subsequent auction was held on February 27, 2009, to sell one domain name.

benefit of *prima facie* validity, however, "the proof of claim must 'set forth facts necessary to support the claim.'" *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988).

13. A party objecting to the claim has the burden of putting forth any evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *In re Waterman Steamship Corp.*, 200 B.R. 770 (Bankr. S.D.N.Y. 1996). Once the objecting party meets this minimal burden, the ultimate burden of persuasion shifts to the claimant. *See Id.*; *In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997)

14. The Debtors and the Committee, each, separately reached out to Pittsylvania to determine the basis for the personal property taxes asserted for 2009. The Debtors and the Committee advised Pittsylvania that the Debtors were not operating and indeed sold substantially all of their assets at an auction conducted on February 4, 2009. Pittsylvania advised that its policy is to claim taxes against any entity for the entire year, so long as the personal property at issue was in the possession of the party being assessed the tax as of January 1 for the relevant taxing year. Pittsylvania, however, was unable to point to any statute, written policy or indeed any authority, entitling it to assert taxes in this manner despite many requests. Moreover, the Committee, in its independent research, was unable to locate any such provision. Accordingly, the Claim should be reduced by the taxes asserted for the 2009 taxing year in their entirety. In the alternative, the Debtors should only be required to pay taxes on the personal property for the period of time during which they actually owned it – the single month of January 2009. Additionally, any tax assessed for 2009 should be based upon the liquidation value of the assets, as that was the value of the assets at the time the tax was assessed.

15. In addition, it would be unjust to allow Pittsylvania to collect taxes for the period that the property was not owned by the Debtors. From February 4, 2009 onward – nearly the

entire year for which Pittsylvania seeks taxes – the Debtors did not own the property being taxed. Allowing Pittsylvania recovery runs contrary to the fundamental bankruptcy goal of providing equal distribution of a debtor's assets to all creditors, and would unjustly enrich Pittsylvania to the detriment of other creditors.

## NOTICE AND RESERVATION OF RIGHTS

16. Notice of this Objection has been provided to: (i) the Treasurer of Pittsylvania County; (ii) the Office of the United States Trustee; (iii) counsel for the Debtors; and (iv) all parties that have requested such notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that the notice provided is adequate and that no other or further notice need be given.

17. The Committee reserves the right to supplement, modify or make additional objections to the Claim on grounds other than those stated herein and to respond to the response of any party, either by further submission to this Court, at oral argument or through testimony to be presented at any hearing.

18. No previous request for the relief sought herein has been made to this or any other court.

*(Remainder of page intentionally left blank.)*

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an Order: (i) reducing the Claim by $98,782.08; and (ii) granting such other, further and different relief as is just and proper.

Dated: November 13, 2009
Wilmington, Delaware

**ELLIOTT GREENLEAF**

*/s/ Shelley A. Kinsella*

Rafael X. Zahraddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Theodore A. Kittila (DE Bar No. 3963
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: tak@elliottgreenleaf.com

and

Schuyler G. Carroll
Adrienne W. Blankley
**ARENT FOX**
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: carroll.schuyler@arentfox.com
Email: blankley.adrienne@arentfox.com

*Co-Counsel for the Official Committee of Unsecured Creditors of eToys Direct 1, LLC, et al.*