IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| eTOYS DIRECT 1, LLC, et al.,[1] | ) | Case No. 08-13412(BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

Objection Deadline: June 1, 2010, at 4:00 p.m. (prevailing Eastern time)
Hearing: June 8, 2010, at 2:30 p.m. (prevailing Eastern time)

## JOINT MOTION OF DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING VOTING PROCEDURES WITH RESPECT TO JOINT PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The captioned debtors and debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors of the Debtors (the "Committee" and together with the Debtors, the "Plan Proponents") hereby file this motion (the "Motion"), for entry of an order approving certain voting procedures pursuant to section 1125 of the Bankruptcy Code with respect to the *Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), and the *Disclosure Statement with Respect to Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"),[2] and in support thereof respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: eToys Direct 1, LLC (N/A); The Parent Company (7093); BabyUniverse, Inc. (7990); Dreamtime Baby, Inc. (8047); eToys Direct, Inc. (7296); PoshTots, Inc. (8660); eToys Direct 2, LLC (N/A); eToys Direct 3, LLC (N/A); Gift Acquisition, L.L.C. (0297); and My Twinn, Inc. (1842). The address for each of the Debtors is 717 17th Street, Suite 1300, Denver, CO 80202, with the exception of PoshTots, Inc., the address for which is 5500 Cox Road, Suite M, Glenn Allen, VA 23060.

[2] The proposed order attached to this Motion also contains a paragraph approving the adequacy of the Disclosure Statement, a separate motion for approval of which is not required pursuant to Del.Bankr.L.R. 3017-1. Notice of the hearing on, and objection deadline for, the Disclosure Statement was served on November 18, 2009, in accordance with Del.Bankr.L.R. 3017-1(a).

68781-002\DOCS_DE:159724.2

## Jurisdiction

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C.§ 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On December 28, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code. The Debtors are continuing in possession of their property and are managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Michael J. Wagner in Support of First Day Motions* (the "Wagner Declaration") filed on the Petition Date and incorporated herein by reference.

4. No request has been made for the appointment of a trustee or an examiner in the Chapter 11 Cases. The Committee was appointed by the Office of the United States Trustee on or about January 8, 2009.

5. On January 16, 2009, the Court entered an order authorizing and approving sale procedures with respect to a proposed auction of the Debtors' assets. An auction with respect to the sale of the Debtors' assets was conducted on February 4, 2009, and a further auction with respect to certain assets was conducted on February 27, 2009 (the "Auctions"), and hearings to consider the proposed sales were held on February 6, 2009; February 11, 2009; and March 2, 2009

(the "Sale Hearings"). The sales contemplated by Auctions and the Sale Hearings have been substantially completed.

6. On March 18, 2009, the Court entered the Order Approving Settlement Agreement With Mutual Release Among the Debtors, the Committee, and the Lenders (the "Settlement Order," Docket No. 457) approval a global settlement of issues among the Debtors, the Committee, and the Debtors' prepetition and post-petition lenders.

7. Thereafter, the Debtors and the Committee reached consensus with respect to the terms of a plan of liquidation and now jointly propose the Disclosure Statement and the Plan.

8. On May 11, 2010, the Debtors filed the Plan [Docket No. 1021], and on May 11, 2010, the Debtors filed the Disclosure Statement [Docket No. 1022].

9. The Debtors intend to continue to use the Chapter 11 process to continue an orderly liquidation of their businesses and assets and resolution of liabilities in an effort to maximize the value of their businesses and assets for the benefit of all creditors and other stakeholders.

**Relief Requested**

10. By this Motion and pursuant to Sections 105 and 1125 of the Bankruptcy Code, Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Del. Bankr. L.R. 3017-1(b), the Plan Proponents seek entry of an order approving the voting procedures described herein, including the form of ballots, the voting agent, and the time and manner of voting, and approval of the Disclosure Statement as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

## Solicitation, Balloting, and Tabulation Procedures

### A. Solicitation and Balloting Agents

11. Omni Management Group, LLC, the Debtors' claims agent in the Chapter 11 Cases, will act as the Debtors' solicitation agent (the "Solicitation Agent") and balloting agent (the "Balloting Agent").

### B. Form Of Ballots

12. Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

*Form of Acceptance or Rejection.* An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or authorized agent, and conform to the appropriate Official Form.

13. The Plan Proponents propose to mail a ballot (with instructions) to each holder of a claim in the one class entitled to vote under the Plan. The form of ballot complies with Bankruptcy Rule 3018(c) and is based substantially on *Official Form No. 14*. This form of ballot has been modified, however, to address the particular needs of the Chapter 11 Cases. In particular, a form of ballot substantially in the form attached hereto will be mailed to the following class of creditors (the "Voting Class"):

Class 3 – General Unsecured Claims (Exhibit A)

14. The Plan Proponents propose that only the following holders of claims in the Voting Class be entitled to vote to accept or reject the Plan: (a) the holders of timely filed proofs of claim in Class 3 filed against the Debtors as reflected on the official claims register maintained by the Solicitation Agent, for which there is no pending objection, and (b) the holders of scheduled claims in Class 3 that are listed in the Debtors' Schedules of Assets and Liabilities (the "Schedules"), except for (I) those scheduled claims that are listed as contingent, unliquidated,

disputed, unknown, undetermined, or in a zero amount, and (II) scheduled claims that have been superseded by a timely filed proof of claim; *provided, however*, that the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be permitted to vote such claim *only if* the transfer and assignment has been noted on the Court's docket as of the Voting Record Date.

C. **Procedures for Solicitation of Votes**

15. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes on a chapter 11 plan. Under the Plan, as set forth above, only holders of claims in the Voting Class are entitled to vote to accept or reject the Plan. The holders of claims in Class 1 (Priority Claims) and Class 2 (Secured Claims) are unimpaired, do not vote, and are deemed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code. The holders of interests in Class 4 (Equity Interests) are each impaired and receive no property under the Plan, do not vote, and are deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Classes 1, 2, and 6 are collectively referred to herein as the referred to as the "Non-Voting Classes."

16. On or about five (5) business days after the entry of an order approving the Disclosure Statement, the Plan Proponents propose to mail, or cause to be mailed, solicitation packages (the "Solicitation Packages") which will include:

   a. notice (the "Confirmation Notice"), substantially in the form attached hereto as Exhibit B, of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and related matters setting forth the time fixed for filing acceptances and rejections of the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the hearing on confirmation;

   b. a copy of the Disclosure Statement, as approved by the Court, together with the Plan, either in paper copy or in "PDF" format on a CD-ROM, in the Debtors' discretion;

      c.      a letter from counsel to the Committee in further support of the Plan;

      d.      a ballot (with instructions); and

      e.      a pre-addressed return envelope.

17. The Plan Proponents propose to mail the Solicitation Packages to all known holders of claims in the Voting Class.

**D.** **Notice to Non-Voting Classes**

18. As noted above, the holders of interests in the Non-Voting Classes are not entitled to vote on the Plan for the reasons set forth above. In order to conserve the resources of the estates, the Plan Proponents propose that they be excused from mailing a copy of the Disclosure Statement and Plan to (i) holders of claims and interests in the Non-Voting Classes, and (ii) the parties listed in Schedule G of the Schedules. The Plan Proponents will send the Confirmation Notice to holders of claims and interests in the Non-Voting Classes and to the parties listed on Schedule G in the Schedules of each of the Debtors (collectively, the "Schedule G Parties").

19. The Plan Proponents submit that such notice satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules and, accordingly, request that the Court direct that copies of the Plan and Disclosure Statement need not be mailed to holders of claims and interests in the Non-Voting Classes or to the Schedule G Parties.

**E.** **Tabulation Procedures With Regards to Holders of Claims**

20. The Plan Proponents propose that, for purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be:

      a.      the amount set forth as a claim in the Schedules as not contingent, not unliquidated, and not disputed (excluding scheduled claims that have been superseded by filed claims);

b. the liquidated amount set forth on a filed proof of claim that has been timely filed and has not been disallowed, disqualified, suspended, reduced, or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan;

c. if a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such claim shall be marked as voting at $1.00;

d. the amount estimated and temporarily allowed with respect to a claim pursuant to an order of this Court; and

e. notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Class 3 claims, whether against a single Debtor or multiple Debtors, shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

21. With respect to ballots submitted by a holder of a claim, pursuant to Sections 105 and 1126 of the Bankruptcy Code, the Plan Proponents request that the Court direct as follows:

a. a claim that is the subject of a pending objection shall not be entitled to vote unless the Bankruptcy Court orders otherwise, *provided however*, that if claim is objected to on the basis that such claim should be reduced and/or reclassified, then the claimant shall be permitted to vote in the reduced amount and pursuant to the reclassification set forth in the objection.

b. any ballot that is returned to the Balloting Agent that does not indicate an acceptance or rejection of the Plan, or indicates both acceptance or rejection of the Plan, shall not be counted;

c. any ballot that is not signed shall not be counted;

d. whenever a creditor casts more than one ballot voting the same claim prior to the Balloting Deadline (hereinafter defined), only the last dated timely ballot received by the Balloting Agent shall be counted;

e.  if a creditor casts simultaneous duplicative ballots voted inconsistently, such ballots shall count as one vote accepting the Plan;

f.  each creditor shall be deemed to have voted the full amount of its claim;

g.  creditors shall not split their votes within a claim; thus, each creditor shall vote all of its claim within a particular class either to accept or reject the Plan; ballots that partially reject and partially accept the Plan shall not be counted;

h.  any creditor who votes to reject the Plan shall be entitled to change its vote to accept the Plan up to 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Confirmation Hearing;

i.  any ballot received by the Balloting Agent by telecopier, facsimile or other electronic communication shall <u>not</u> be counted;

j.  ballots received with a stamped signature will be counted; and

k.  the Debtors, in consultation with the Committee, subject to contrary order of the Court, may waive any defect in any ballot at any time, including failure to timely file such ballot, either before or after the close of voting, and without notice and any such waivers shall be documented in the Voting Report.

22. The Plan Proponents submit that establishing the tabulation procedures set forth above is necessary to avert any confusion resulting from incompletely or inconsistently executed ballots and will simplify the voting and tabulation process.

**F.   Establishment of Voting Record Date**

23. The Plan Proponents propose that the Court fix the day the Disclosure Statement Hearing commences as the date (the "Voting Record Date") for purposes of determining (a) which creditors are entitled to receive a solicitation package and may be entitled to vote on the Plan, subject to the disallowance of such Creditors' claims for voting purposes herein; and (b) the

members of the Non-Voting Classes and Schedule G Parties entitled to receive the Confirmation Notice.

## Approval of Certain Procedures and Deadlines

24. Accordingly, the Plan Proponents move for approval of the following procedures and to establish the following deadlines:

   a. On or about five (5) business days after entry of the order approving the Disclosure Statement shall be the deadline for the Debtors to serve the Solicitation Packages;

   b. Ten (10) days prior to the Confirmation Hearing (or, to the extent that such day is a holiday or weekend day, on the first succeeding business day) at 4:00 p.m. (prevailing Eastern time) (the "Balloting Deadline") shall be the deadline by which ballots to accept or reject the Plan must be received from eligible creditors. Unless otherwise specifically ordered by the Court with respect to a specific ballot, all ballots must be completed, signed, returned to, and actually received by the Balloting Agent on or before the Balloting Deadline in order to be counted;

   c. Ten (10) days prior to the Confirmation Hearing (or, to the extent that such day is a holiday or weekend day, on the first succeeding business day) shall be the deadline for the last date to file and serve any objections and evidence in opposition to confirmation of the Plan, which must (i) be in writing; (ii) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefore in the nature of the declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the objection; and (iii) be served upon the parties at the addresses set forth in the Confirmation Notice. Any objection not properly and timely filed and served shall be deemed to be waived and to constitute a consent to the Court's entry of an order confirming the Plan;

   d. Five (5) days prior to the Confirmation Hearing (or, to the extent that such day is a holiday or weekend day, on the first succeeding business day) shall be the deadline for the Plan Proponents to submit a brief in support of confirmation of the Plan, should they choose to file one; and

  e.  Five (5) days prior to the Confirmation Hearing (or, to the extent that such day is a holiday or weekend day, on the first succeeding business day) shall be the deadline to submit a summary of the tabulation of ballots received with respect to the Plan.

## **Notices**

25. The Plan Proponents have given notice of this Motion to the United States Trustee and all parties requesting special notice under Bankruptcy Rule 2002. The Plan Proponents submit that such notice is adequate and no other or further notice need be given.

[remainder of page intentionally left blank]

WHEREFORE, the Plan Proponents respectfully request entry of an order granting the relief sought herein and such other and further relief as is just.

Dated: May 11, 2010

PACHULSKI STANG ZIEHL & JONES LLP

/s/ illegible signature
Laura Davis Jones (Bar No. 2436)
Jeffrey W. Dulberg (CA Bar No. 181200)
Michael R. Seidl (Bar No. 3889)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302/652-4100
Facsimile: 302/652-4400
Email: ljones@pszjlaw.com
jdulberg@pszjlaw.com
mseidl@pszjlaw.com
Counsel for eToys Direct 1, LLC, et al., Debtors and Debtors in Possession

-and-

ARENT FOX LLP

/s/Schuyler G. Carroll
Schuyler G. Carroll
1675 Broadway
New York, NY 10019
Telephone: 212-484-3900
Facsimile: 212-484-3990

-and-

ELLIOTT GREENLEAF
Rafael X. Zahralddin-Aravena (Bar No. 4166)
1105 Market Street, Suite 1700
Wilmington, DE 19801
Telephone: 302-384-9400
Facsimile: 302-384-9399

Co-counsel for the Committee