IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| eTOYS DIRECT 1, LLC, et al.,[1] | ) | Case No. 08-13412(BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 1024 |

## ORDER APPROVING VOTING PROCEDURES WITH RESPECT TO JOINT PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

A hearing was held on June 8, 2010 (the "Hearing") to consider the *Joint Motion of Debtors and Official Committee of Unsecured Creditors for an Order Approving Voting Procedures with Respect to Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket 1024] (the "Motion"). The Motion seeks approval of certain voting procedures pursuant to section 1125 of the Bankruptcy Code with respect to the *Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code*, dated June 9, 2010 [Docket No. 1061] (the "Plan"), and the adequacy of the *Disclosure Statement with Respect to Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code*, dated June 9, 2010 [Docket

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: eToys Direct 1, LLC (N/A); The Parent Company (7093); BabyUniverse, Inc. (7990); Dreamtime Baby, Inc. (8047); eToys Direct, Inc. (7296); PoshTots, Inc. (8660); eToys Direct 2, LLC (N/A); eToys Direct 3, LLC (N/A); Gift Acquisition, L.L.C. (0297); and My Twinn, Inc. (1842). The address for each of the Debtors is 717 17th Street, Suite 1300, Denver, CO 80202, with the exception of PoshTots, Inc., the address for which is 5500 Cox Road, Suite M, Glenn Allen, VA 23060.

68781-002\DOCS_DE:159724.5

No. 1062] (the "Disclosure Statement"),[1] and adequate notice of the relief sought by the Motion having been given; and the appearances of all interested parties having been duly noted on the record of the Hearing; and each of the objections, if any, to the proposed Disclosure Statement or the Motion having been either (a) withdrawn, or (b) overruled by the Court; and, upon the Motion, and the record of the Hearing and upon all of the proceedings heretofore had before the Court and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED, FOUND, AND DETERMINED THAT:**

1. The Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

2. The Disclosure Statement and the Motion are hereby approved.

3. The form of Ballots, substantially in the form of Exhibits A and B attached hereto, and the form of the Confirmation Notice, substantially in the form of Exhibit C attached hereto, are each approved.

4. The Debtors shall mail the Solicitation Packages only to all known holders of claims in the Class 1 and Class 3; the Plan and the Disclosure Statement may be mailed either in paper copy or in "PDF" format on a CD-ROM, in the Debtors' discretion. In the event that the Plan and Disclosure Statement are mailed on a CD-ROM, any creditor receiving such a CD-ROM may request a paper copy, which shall be promptly provided by the Debtors.

---

[1] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed in the Motion.

5. The Debtors shall mail only the Confirmation Notice to holders of Claims and Equity Interests in the Class 2 and Class 4 and Schedule G Parties and shall not be required to mail either the Disclosure Statement or Plan to such entities.

6. Only Holders of Claims in the Class 1 and Class 3 may accept or reject the Plan. Each holder of a Claim who has filed a Proof of Claim in the Debtors' Chapter 11 Cases as to which Claim an objection has been filed on or prior to ten business days prior to the Confirmation Hearing and is pending and is not resolved before the Confirmation Hearing shall not be permitted to vote on the Plan unless the holder of such Claim has obtained an order of the Court pursuant to Bankruptcy Rule 3018(a), temporarily allowing its Claim for the purposes of voting on the Plan.

7. June 8, 2010, is fixed as the Voting Record Date for purposes of determining (a) which creditors are entitled to receive a solicitation package and may be entitled to vote on the Plan, subject to the disallowance of such Creditors' claims for voting purposes herein; and (b) the members of the Non-Voting Classes and Schedule G Parties entitled to receive the Confirmation Notice.

8. Any Ballot timely received that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. Parties have the right (i) to accept the Plan or (ii) to reject the Plan.

9. Only the following holders of claims shall be entitled to vote to accept or reject the Plan: (a) the holders of timely filed proofs of claim in any of Class 1 or Class 3 filed

against the Debtors as reflected on the official claims register maintained by the Solicitation Agent, for which there is no pending objection, (b) the holders of scheduled claims in Class 1 or Class 3 that are listed in the Debtors' Schedules of Assets and Liabilities (the "Schedules"), except for (I) those scheduled claims that are listed as contingent, unliquidated or disputed claims, and (II) any scheduled claims that have been superseded by a timely filed proof of claim; *provided, however*, that the assignee of a transferred and assigned claim (whether a filed or scheduled claim) shall be permitted to vote such claim *only if* the transfer and assignment has been noted on the Court's docket as of the Voting Record Date.

10. For purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the lesser of (i) the amount set forth on the ballot received for that particular creditor, or (ii) the following (whichever one is greater):

    a. the amount set forth as a claim in the Schedules as not contingent, not unliquidated, and not disputed and that has not been superseded by a timely filed claim;

    b. the liquidated amount set forth on a filed proof of claim which has been timely filed and has not been disallowed, disqualified, suspended, reduced, or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan;

    c. if a claim for which a proof of claim has been timely filed is wholly contingent, unliquidated or disputed, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such claim shall be marked as voting at $1.00;

    d. the amount estimated and temporarily allowed with respect to a claim pursuant to an order of this Court; and

    e. notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Class 3 claims,

whether against a single Debtor or multiple Debtors, shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims; for avoidance of doubt, the relief provided by this Paragraph 10.e. is solely with respect to tabulation and shall not be interpreted as effecting the disallowance of such duplicate claims without further order of the Court.

11. With respect to ballots submitted by a holder of a claim, pursuant to Sections 105 and 1126 of the Bankruptcy Code:

   a. a claim that is the subject of a pending objection shall not be entitled to vote unless the Bankruptcy Court orders otherwise, *provided however,* that if claim is objected to on the basis that such claim should be reduced and/or reclassified, then the claimant shall be permitted to vote in the reduced amount and pursuant to the reclassification set forth in the objection.

   b. any ballot which is returned to the Balloting Agent that does not indicate an acceptance or rejection of the Plan, or indicates both acceptance or rejection of the Plan, shall not be counted;

   c. any ballot that is not signed shall not be counted;

   d. whenever a creditor casts more than one ballot voting the same claim prior to the Balloting Deadline (hereinafter defined), only the last dated timely ballot received by the Balloting Agent shall be counted;

   e. if a creditor casts simultaneous duplicative ballots voted inconsistently, such ballots shall count as one vote accepting the Plan;

   f. each creditor shall be deemed to have voted the full amount of its claim;

   g. creditors shall not split their votes within a claim; thus, each creditor shall vote all of its claim within a particular class either to accept or reject the Plan; ballots that partially reject and partially accept the Plan shall not be counted;

h.  any creditor who votes to reject the Plan shall be entitled to change its vote to accept the Plan up to 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Confirmation Hearing;

i.  any ballot received by the Balloting Agent by telecopier, facsimile or other electronic communication shall <u>not</u> be counted;

j.  ballots received with a stamped signature will be counted; and

k.  the Debtors, consultation with the Committee, subject to contrary order by this Court, may waive any defect in any ballot at any time, including failure to timely file such ballot, either before or after the close of voting, and without notice and any such waivers shall be documented in the Voting Report.

12. The Court will conduct a hearing to consider confirmation of the Plan on August 17, 2010, at 2:30 p.m. prevailing Eastern time.

13. The following dates and procedures with respect to the Plan are hereby established:

a.  June 17, 2010, shall be the deadline for the Debtors to serve the Solicitation Packages;

b.  August 6, 2010, at 4:00 p.m. (prevailing Eastern time) (the "Balloting Deadline"), shall be the deadline by which the ballots to accept or reject the Plan shall be received from eligible creditors. Unless otherwise specifically ordered by this Court with respect to a specific ballot, all ballots must be completed, signed returned to and actually received by the Balloting Agent on or before the Balloting Deadline in order to be counted;

c.  August 6, 2010, at 4:00 p.m. (prevailing Eastern time), shall be the deadline to file and serve any objections and evidence in opposition to confirmation of the Plan, which must (i) be in writing; (ii) set forth in detail the name and address of the party filing the objection, the grounds for the objection, any evidentiary support therefore in the nature of the declarations submitted under penalty of perjury, and the amount of the objector's claims or such other grounds that give the objector standing to assert the

objection; and (iii) be served upon the parties at the addresses set forth in the Confirmation Notice. Any objection not properly and timely filed and served shall be deemed to be waived and to constitute a consent to the Court's entry of an order confirming the Plan;

d. August 12, 2010, at 4:00 p.m. (prevailing Eastern time), shall be the deadline for the Plan Proponents to submit a brief in support of the confirmation of the Plan should they choose to file one; and

e. August 12, 2010, shall be the deadline to submit a summary of the tabulation of ballots received with respect to the Plan.

Dated: June 10, 2010

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge