IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| eTOYS DIRECT 1, LLC, et al.,[1] | ) | Case No. 08-13412(BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 1061 & 1145 |

## ORDER CONFIRMING JOINT PLAN OF LIQUIDATION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

A hearing was held before this Court on August 17, 2010 (the "Confirmation

Hearing"),[2] to consider confirmation of *Joint Plan of Liquidation of the Debtors and the Official*

*Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code*, as filed on

August 12, 2010 [Docket No. 1145] (the "Plan," a true and correct copy of which is attached

hereto as Exhibit A). The Plan was jointly proposed by the debtors and debtors-in-possession in

the above-captioned Chapter 11 cases (the "Debtors") and the Official Committee of Unsecured

Creditors (the "Committee," and together with the Debtors, the "Plan Proponents").

The Court has reviewed the Plan, the *Disclosure Statement with Respect to Joint*

*Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant*

*to Chapter 11 of the Bankruptcy Code* [Docket No. 1062] (the "Disclosure Statement"), and

other matters submitted in support of confirmation of the Plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: eToys Direct 1, LLC (N/A); The Parent Company (7093); BabyUniverse, Inc. (7990); Dreamtime Baby, Inc. (8047); eToys Direct, Inc. (7296); PoshTots, Inc. (8660); eToys Direct 2, LLC (N/A); eToys Direct 3, LLC (N/A); Gift Acquisition, L.L.C. (0297); and My Twinn, Inc. (1842). The address for each of the Debtors is 717 17th Street, Suite 1300, Denver, CO 80202, with the exception of PoshTots, Inc., the address for which is 5500 Cox Road, Suite M, Glenn Allen, VA 23060.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

The Court has examined the record compiled in these Chapter 11 cases and has considered, among other things: (i) the Order Approving Voting Procedures with Respect to Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code (the "Balloting Order") [Docket No. 1064]; (ii) the Notice of: (I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm Plan of Liquidation; and (III) Related Important Dates (the "Confirmation Hearing Notice") [Docket No. 1067]; (iii) the Debtors' Memorandum in Support of Confirmation of the Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1148]; (iv) the Declaration of Brian K. Osborne Re Analysis of Ballots for Accepting or Rejecting Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1147] (the "Voting Certification"); and (v) the offers of proof, evidence admitted and the arguments and representations of counsel at the Confirmation Hearing. Based upon the foregoing, and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

## Findings of Fact and Conclusions of Law

A.      Findings and Conclusions. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Bankruptcy Rules. To the extent any of the

following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction and Venue. This Court has jurisdiction over the Chapter 11 Cases and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157. The Debtors are eligible debtors under Section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors and the Committee are proper plan proponents under sections 1121(a) and (c) of the Bankruptcy Code

C.    Judicial Notice. The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of these Chapter 11 Cases.

D.    Solicitation and Notice. On June 10, 2010, the Disclosure Statement and solicitation procedures to be used in soliciting acceptances of the Plan were approved by the Bankruptcy Court by the Balloting Order. The Balloting Order, among other things, approved the Disclosure Statement as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtors' creditors to make an informed judgment whether to accept or reject the Plan. Pursuant to the Balloting Order, the Debtors distributed Solicitation Packages to all known Holders of Claims against the Debtors as of the Voting Record Date who are entitled to vote on the Plan (*i.e.*, Allowed Claims in Classes 1 and 3). The Solicitation Packages consisted of: (a) the Confirmation Hearing Notice; (b) a copy

of the Disclosure Statement, as approved by the Court, together with the Plan; (c) a ballot (with instructions); (d) a pre-addressed return envelope; and (e) a letter from counsel to the Committee in further support of the Plan.

As described in the Balloting Order, and as evidenced by the Voting Certification and in the certificates of service filed in connection therewith, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Balloting Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest.

E.     Voting. The Balloting Order fixed August 6, 2010, as the Voting Deadline. The Debtors through their designated claims and balloting agent, Omni Management Group, LLC (the "Claims Agent"), have tabulated the Ballots accepting and rejecting the Plan in the Voting Certification. As set forth in the Voting Certification, the Claims Agent has satisfied the ballot tabulation procedures set forth in the Solicitation Procedures Order and properly tabulated the Ballots received in connection with the Plan.

As set forth in the Voting Certification, the Plan has received the overwhelming support of the two Classes entitled to vote on the Plan—Class 1 and Class 3—and the votes in those Classes in favor are sufficient to confirm the Plan given the requirements of 28 U.S.C. § 1126(c). Class 1 consists of Priority Claims, and Class 3 consists of General Unsecured Claims both of which are impaired Classes. Because no property will be distributed or retained by Class 4, comprised of Equity Interests, this class was deemed to reject the Plan and was not

entitled to vote. Class 2 consists of Secured Claims, is unimpaired, and is deemed to accept the Plan.

F.    <u>Burden of Proof</u>. The Plan Proponents have met their burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

### Compliance with the Requirements of Section 1129 of the Bankruptcy Code

G.    <u>Plan Compliance – Section 1129(a)(1)</u>. The Plan complies with all applicable provisions of the Bankruptcy Code. In addition to Administrative Claims (Article 2.2.) and Priority Tax Claims (Article 2.3.), which need not be classified, Article 3 of the Plan designates three separate Classes of Claims and one Class of Equity Interests. Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each Class. Valid business, factual, and legal reasons exist for each separate classification of various classes of Claims and Equity Interests under the Plan, and such Classes do not unfairly discriminate among Holders of Claims and Equity Interests. The Plan adequately and properly classifies all Claims and Equity Interests required to be classified and thus satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code. Under the Plan, only Class 2 is unimpaired; Article 2 of the Plan specifies the unimpaired classes under the Plan and satisfies the requirements of Section 1123(a)(7) of the Bankruptcy Code. The Plan provides for appointment of the Plan Administrator as the sole officer and director post-confirmation and thereby satisfies Section 1123(a)(7) of the Bankruptcy Code. In addition, Article 3 of the Plan provides for the impairment of Classes 1, 3, and 4 as is permitted by Section 1123(b)(1) of the Bankruptcy Code. Article 7 of the Plan also provides for the rejection of executory contracts and

unexpired leases as permitted by Section 1123(b)(7) of the Bankruptcy Code. In addition, the provision of the Plan are appropriate and consistent with the Bankruptcy Code, thereby satisfying Section 1123(b)(6) of the Bankruptcy Code. Under the Plan, Classes 1, 3, and 4 are impaired. Article 3 of the Plan specifies the treatment of each impaired Class and thus satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code. The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code. No election for application of Section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under Bankruptcy Rule 3014. Articles 5 and 6, and other provisions of the Plan, provide adequate means for implementation of the Plan. The Debtors have sufficient Cash available to make all distributions pursuant to the terms of the Plan. In particular, the Debtors have sufficient Cash to pay, in full, all Allowed Administrative Claims (other than professional fee claims, as to which payment has been agreed to be deferred by the affected professionals), Priority Tax Claims, and Priority Claims, to pay for Plan Expenses, and to establish appropriate reserves for Disputed Claims. The Plan thus satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code. Section 1123(a)(6) of the Bankruptcy Code is not applicable because the Plan provides for the cancellation of all Equity Interests in the Debtors, and the Debtors will not have any equity security interests as of the Effective Date. The Plan contains other provisions for implementation that are reasonable and otherwise consistent with Sections 1123(a)(6) and 1123(b) of the Bankruptcy Code.

H.     Proponent Compliance – Section 1129(a)(2). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The

Plan Proponents solicited acceptances of the Plan in accordance with the requirements of the Balloting Order and not otherwise. The Ballots of Holders of Claims entitled to vote on the Plan were properly solicited and tabulated. The Plan Proponents have further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement, and all other matters considered by the Court in these Chapter 11 Cases. The record in the Chapter 11 Cases further discloses that the Debtors have attempted in good faith to comply with the orders of the Court entered during the pendency of these cases and that the Debtors have not violated any such orders.

I.      Good Faith – Section 1129(a)(3). The Plan has been proposed in good faith by the Plan Proponents and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with Section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing. The Plan has been accepted by the requisite Holders of Claims in the Classes entitled to vote on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests and, with respect to rejecting Classes, may be confirmed under 11 U.S.C. § 1129. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a distribution of such value to Creditors. The Plan was negotiated in good faith and at arm's-length among representatives of the Debtors, the Committee, and certain other key creditor constituencies

during the Chapter 11 Cases. Therefore, the Plan has been proposed in good faith, as such term is used in Section s 1129(a)(3) of the Bankruptcy Code.

J.      Plan Payments – Section 1129(a)(4). All professional fees to be paid by the Debtors for services or expenses in the Chapter 11 Cases have either been fully disclosed and approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the approval of the Bankruptcy Court following Confirmation of the Plan. Pursuant to the *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Expense Reimbursement of Professionals Pursuant and Committee Members* (the "Administrative Order") [Docket No. 177], the Court authorized and approved the procedures for payment of certain fees and expenses of professionals retained in these Chapter 11 Cases. All such fees and expenses, as well as all other accrued fees and expenses of professionals through the Effective Date, remain subject to final review for reasonableness by the Court under Section 330 of the Bankruptcy Code.

In addition, Article 5.7. of the Plan provides the procedures governing the payment of professionals retained with approval by order of the Court or requesting compensation in the Chapter 11 Cases pursuant to Sections 330 or 503(b) of the Bankruptcy Code. Professionals shall be required to file an application for compensation of professional fee claims no later than the 45th day after the Effective Date. The payment of such professional fee claims is subject to review and approval of the Court. Article 9 of the Plan also provides that the Court will retain jurisdiction after the Effective Date to determine applications for allowances of compensation and reimbursement of expenses and the reasonableness of any fees and expenses

authorized to be paid or reimbursed under the Bankruptcy Code or the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(4) of the Bankruptcy Code.

K.     <u>Rates – Section 1129(a)(6)</u>. There are no rates applicable to the Debtors over that any governmental regulatory commission will have jurisdiction after confirmation of the Plan.

L.     <u>Best Interests – Section 1129(a)(7)</u>. As set forth in the Disclosure Statement, each holder of an Allowed Claim will receive under the Plan property of a value not less than the amount such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. A conversion of the Chapter 11 Cases to Chapter 7 would likely be accompanied by a decrease in the amount of recovery that Creditors would receive on account of their Claims as a result of the commissions and additional administrative fees and expenses that would be incurred during a Chapter 7 case. Thus, the Plan provides a superior recovery to Creditors than conversion of the Chapter 11 Cases to Chapter 7, and accordingly, the Plan is in the best interests of creditors under Section 1129(a)(7) of the Bankruptcy Code.

M.     <u>Acceptance / Cramdown – Sections 1129(a)(8) and 1129(b)</u>. All Holders of impaired Allowed Claims falling within Classes 1 and 3 have been given adequate opportunity to vote to accept or reject the Plan. As set forth above, the Plan has been accepted by the Holders of Claims in Classes 1 and 3. Class 4 receives no distribution and is deemed to have rejected the Plan under Section 1126(g) of the Bankruptcy Code; the Plan may be confirmed in this case notwithstanding the rejection of Class 4 because the Debtors satisfy section 1129(a)(10) and the "cram down" requirements of Section 1129(b) of the Bankruptcy Code. Section 1129 (b) requires that a plan must not discriminate unfairly and must be fair and equitable as to each class

of claims or interests that is impaired under, and has not accepted, the Plan. As set forth below, the Plan satisfies these requirements.

With respect to Class 4 (Equity Interests), equity holders will receive no distributions under the Plan. Because the Debtors are insolvent, Holders of Class 4 Equity Interests will receive "not less than the amount" they would receive in Chapter 7. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7). Moreover, the Plan is fair and equitable to Class 4 Claimants because there is insufficient value in the Chapter 11 Cases to satisfy other Classes of Claims that are senior to the Class 4 Interests. Thus, no senior Creditor is being paid more than in full. The Plan is also fair and equitable as to Class 4 Claimants because no holders of equity interests covered by Class 4 will receive or retain any interest in or property of the Debtors.

N.     Administrative Expenses/Priority Claims—Section 1129(a)(9). Each Holder of an Allowed Administrative Claim shall be paid in respect of such Allowed Claim the full amount thereof, without interest, in Cash, as soon as practicable after the later of (i) the Effective Date or (ii) the date on which such Claim becomes an Allowed Claim. In addition, with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), such fees shall be paid until the entry of a final decree or an order converting or dismissing the case.

Holders of Administrative Claims (including, without limitation, professional fee claims) requesting compensation or reimbursement of such expenses pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code that do not file such requests by the applicable deadline provided for herein shall be forever barred from asserting such claims against the Debtors, the Post-Confirmation Debtors, their Estates, the Plan Administrator, or their

successors or assigns, or their property. Any objection to professional fee claims shall be Filed on or before the 65th day after Effective Date.

Notwithstanding any provision in the Plan regarding payment of Administrative Claims to the contrary, and without waiver of any argument available that such Claim is already time-barred by prior orders of the Bankruptcy Court, all Administrative Claims that are required to be Filed and are not Filed by the Bar Date shall be deemed disallowed and discharged. As provided herein, the Disputed Claim Reserves account will include funds sufficient to cover the aggregate asserted amount of all Disputed Administrative Claims. Without limiting the foregoing, all fees payable under 28 U.S.C. § 1930 that have not been paid, shall be paid on or before the Effective Date.

The Debtors shall pay Professionals all of their respective accrued and Allowed fees and reimbursement of expenses arising prior to the Effective Date, plus reasonable fees for services rendered, and actual and necessary costs incurred, in connection with the filing, service and prosecution of any applications for allowance of Professional Fees pending on the Effective Date or Filed and/or served after the Effective Date, plus post-Effective Date fees approved by the Plan Administrator.

The Bankruptcy Court must rule on and allow all pre-Effective Date Professional fee claims before the fees will be owed and paid. Unless otherwise ordered by the Bankruptcy Court, for all pre-Effective Date professional fee claims, except Bankruptcy Clerk's Office fees, the fees and expenses of the Claims Agent, and U.S. Trustee's fees, the Professional in question must file and serve a properly noticed final fee application and the Bankruptcy Court must rule

on the application. Only the amount of fees and expenses Allowed by the Bankruptcy Court will be owed and required to be paid under the Plan.

The Plan Administrator may retain and compensate professionals for services rendered following the Effective Date without order of the Bankruptcy Court. From and after the Effective Date, the Plan Administrator shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of Professionals, as well as the Claims Agent, thereafter incurred on behalf of the Post-Confirmation Debtors and the Plan Administrator, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of this Plan. The fees and expenses of such Professionals, as well as the Claims Agent, shall be paid shall be paid by the Plan Administrator in accordance with the following procedures: Professionals that perform post-Confirmation Date services for the Post-Confirmation Debtors or the Plan Administrator shall provide monthly invoices to the Plan Administrator describing the services rendered and the fees and expenses incurred in connection therewith, on or before the 20th day following the end of the calendar month during which such services were performed. Professional Persons who tender such invoices shall be paid by the Plan Administrator for such services from the Plan Expense Reserve Fund created under Section 6.1 of the Plan on or after the date that is fifteen (15) days after the submission to the Plan Administrator by such Professional Persons of said monthly invoices, unless, within said fifteen (15) day period, a written objection to said payment is made, in which event such payment shall be made only upon either (a) agreement of the parties or (b) Order of the Bankruptcy Court.

Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code or required to file fee applications by order of the Bankruptcy Court for services rendered prior to the Effective Date must file and serve pursuant to the notice provisions of the Administrative Order, an application for final allowance of compensation and reimbursement of expenses no later than 45 days after the Effective Date. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court. All other Administrative Claimants must assert any Administrative Claims arising on or after May 15, 2009, through the Effective Date no later than thirty days after the Effective Date.

The Plan Administrator shall pay to each Holder of an Allowed Priority Tax Claim in respect of such Allowed Priority Tax Claim either (a) the full amount thereof, without post-petition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Claim or (b) such lesser amount as the Holder of an Allowed Priority Tax Claim and the Debtors might otherwise agree or (c) at the election of the Post-Confirmation Debtors, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, in Cash, in up to twenty-four equal quarterly installments (and in such event, interest shall be paid on the unpaid portion of such Allowed Priority Tax Claims at a rate to be agreed to by the Debtors and the appropriate governmental unit, or, if they are unable to agree, as determined by the Bankruptcy Court), commencing as soon as practicable after the later of (i) the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Claim.

O.    Impaired Class Acceptances – Section 1129(a)(10). Classes 1, 3, and 4 are impaired under the Plan, and, as reflected in the Voting Certification, the Plan has been accepted by at least one impaired Class (Classes 1 and 3) without including the vote of any insider.

P.    Feasibility – Section 1129(a)(11). The Plan complies with Section 1129(a)(11) of the Bankruptcy Code because there is sufficient Cash to satisfy Allowed Administrative Claims (other than professional fee claims, as to which the professionals have agreed to defer payment), Allowed Priority Claims, the Plan Expenses, and obligations under the Plan.

Q.    Fees Payable Under 28 U.S.C. § 1930 – Section 1129(a)(12). All outstanding fees due under 28 U.S.C. § 1930 that have not been paid shall be paid by the Debtors on or before the Effective Date. Thereafter, the Plan Administrator shall pay any statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the case.

R.    Retiree Benefits – Section 1129(a)(13). The Debtors are not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code.

S.    No Domestic Support Obligations – Section 1129(a)(14). The Debtors are not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, Section 1129(d)(14) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

T.     Debtors Are Not Individuals – Section 1129(a)(15). The Debtors are not individuals, and accordingly, Section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

U.     No Applicable Nonbankruptcy Law Regarding Transfers— Section 1129(a)(16). The Debtors are moneyed, business, or commercial corporations, and accordingly, Section 1129(a)(16) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

V.     Only One Plan – Section 1129(c). The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, Section 1129(c) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

W.     Principal Purpose of the Plan – Section 1129(d). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of Section 1129(d) of the Bankruptcy Code.

X.     Good Faith Solicitation – Section 1125(e). Based on the record before the Court in these Chapter 11 Cases, (i) the Plan Proponents are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, Sections 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation and (ii) the Plan Proponents, and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates, and representatives shall be deemed to have participated in good

faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the Injunction and Exculpation provisions set forth in Articles 10.6. and 10.7. of the Plan.

Y.    Solicitation. The Plan, the Disclosure Statement, the Ballots, and the Confirmation Hearing Notice were transmitted and served in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules and the Balloting Order. The forms of the Ballots adequately addressed the particular needs of the Chapter 11 Cases and were appropriate for Class 1 and Class 3, the Classes of Claims entitled to vote to accept or reject the Plan. As set forth more fully in the Voting Certification, the period during which the Debtors solicited acceptances to the Plan was a reasonable under the circumstances for the Class 1 and 3 Claimants, the only creditors entitled to vote to on the Plan, to make an informed decision to accept or reject the Plan. In particular, and without limitation, (a) the Plan, Disclosure Statement and the Ballots were transmitted to all Claimants in Classes 1 and 3, (b) sufficient and reasonable time and notice were prescribed for the Claimants in Classes 1 and 3 to accept or reject the Plan, (c) the Ballots submitted by the Claimants in Classes 1 and 3, if any, were submitted by the Holders of record of the Class 1 and 3 Claimants as of June 8, 2010 (the date specified in such documents for the purpose of the solicitation) (the "Record Date"), and (d) the establishment and notice of the Record Date was appropriate and reasonable. Pursuant to section 1126(f) of the Bankruptcy Code, the Debtors were not required to solicit votes from the Holders of Claims in Class 4. As described in and as evidenced by the Voting Certification, the transmittal and

service of the Plan, the Disclosure Statement, the Ballots, and the Confirmation Hearing Notice was timely, adequate, and sufficient under the circumstances. The Debtors, the Committee, and any and all of their respective affiliates, directors, officers, members, managers, shareholders, partners, employees, attorneys and advisors of each of the foregoing that may have solicited votes on the Plan or participated in the formulation of the Plan, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and, therefore, are all entitled to the protections of section 1125(e) of the Bankruptcy Code.

Z.    Notice.  As is evidenced by the Voting Certification, the transmittal and service of the Plan, the Disclosure Statement, and Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in accordance with the Balloting Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule or regulation and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

AA.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

BB.    Good Faith.  The Plan Proponents, and all of their respective professionals, will be acting in good faith if they proceed to (i) consummate the Plan and (ii) take the actions authorized and directed by this Order.

AA.    Directors -- Section 1174(a)(5). On the Effective Date, Steven Sass will

be appointed as Plan Administrator and the sole office and director of the Post-Confirmation

Debtors. The Appointment of Mr. Sass as the Plan Administrator is consistent with the interests

of the Creditors and with general public policy.

## Order Confirming Plan

Based upon the record of the Confirmation Hearing, all the proceedings held

before this Court in these Chapter 11 Cases, and the foregoing findings of fact and conclusions

of law, **IT IS HEREBY ORDERED THAT**:

1.    Confirmation. The Plan is confirmed. The Plan Proponents are

authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and

(b) execute such documents and instruments as may be required to implement the Plan.

2.    Objections. All parties have had a full and fair opportunity to litigate all

issues which might have been raised with respect to confirmation of the Plan, no objections were

filed prior to the Confirmation Hearing, and any objections have raised at the Confirmation

Hearing have been withdrawn, settled, or overruled.

3.    Omission of Reference to Particular Plan Provisions. The failure to

specifically describe or include any particular provision of the Plan in this Order shall not

diminish or impair the effectiveness of such provision, it being the intent of this Court that the

Plan be approved and confirmed in its entirety. Each provision of the Plan shall be deemed

authorized and approved by this Order and shall have the same binding effect of every other

provision of the Plan, whether or not mentioned in this Order. In the event of any

inconsistencies between the Plan and this Order, this Order shall govern.

4. <u>Plan Classification Controlling</u>. The classification of Claims and Equity Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Plan Proponents or the Plan Administrator for purposes other than voting on the Plan.

5. <u>Distributions Under the Plan</u>. All distributions under the Plan shall be made in accordance with Article 6 of the Plan.

6. <u>Rejection of Remaining Executory Contracts and Unexpired Leases</u>. Any and all pre-petition leases or executory contracts not previously rejected by the Debtors, unless specifically assumed pursuant to order(s) of the Bankruptcy Court prior to the Confirmation Date or the subject of a motion to assume or assume and assign pending on the Confirmation Date, shall be deemed rejected by the Debtors on the Confirmation Date; *provided, however*, that nothing in this paragraph shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtors and their estates.

7. <u>Bar Date for Executory Contracts and Unexpired Leases Rejected Pursuant to Confirmation Order and Plan</u>. All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Confirmation of the

Plan, if any, must be Filed with the Claims Agent within thirty days after the earlier of the

Effective Date or an order of the Bankruptcy Court approving such rejection.

8.     No Alteration of Sale Order or Settlement Agreement. Nothing in this

Order or the Plan shall change, alter or affect any of the respective obligations of the Debtors or

any counterparty to a sale agreement or order. Notwithstanding anything to the contrary in the

Plan or this Order, following the occurrence of the Effective Date, the Agreement (as defined in

the Disclosure Statement) shall remain in full force an effect and shall be fully enforceable by the

parties thereto.

9.     Insurance Policies. Notwithstanding anything contained in this Order

and/or the Plan to the contrary, unless specifically rejected by order of the Bankruptcy Court, all

of the Debtors' rights in insurance policies and any agreements, documents, or instruments

relating thereto, are continued. Nothing in the Plan and/or this Order shall constitute or be

deemed a waiver of any cause of action that the Debtors may hold against any entity, including,

without limitation, the insurer, under any of the Debtors' policies of insurance.

10.    Binding Effect of Plan. On the Effective Date, the provisions of the

confirmed Plan shall bind the Debtors, the Post-Confirmation Debtors, the Plan Administrator,

any Person or Entity acquiring property under the Plan, and any Creditor or Interest Holder,

whether or not such Creditor or Interest Holder has filed a proof of claim or interest in these

Chapter 11 Cases, whether or not the Claim of such Creditor or Interest Holder is impaired under

the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan.

All Claims and debts shall be as fixed and adjusted pursuant to the Plan. With respect to any

taxes of the kind specified in Bankruptcy Code Section 1146, the Plan shall also bind any taxing

authority, recorder of deeds or similar official for any county, state, or governmental unit or parish in which any instrument related to under this Plan or related to any transaction contemplated under this Plan is to be recorded.

11. <u>Cessation of the Debtors' Business Operations</u>. As soon as practicable after the Effective Date, the Debtors shall be dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, provided, however, that the Plan Administrator shall be authorized to file the Debtors' final tax returns and shall be authorized to file and shall file with the official public office for keeping corporate records in the Debtors' states of incorporation a certificate of dissolution or equivalent document. From and after the Effective Date, the Debtors (i) for all purposes shall be deemed to have withdrawn their business operations from any state in which there were previously conducting or are registered or licensed to conduct their business operations, and the Debtors shall not be required to file any document, pay any sum or take any other action, in order to effectuate such withdrawal, (ii) shall not be liable in any manner to any taxing authority for franchise, business, license or similar taxes accruing on or after the Effective Date.

12. <u>Disputed Claims</u>. The provisions of Article 6. of the Plan with respect to procedures for resolving Disputed Claims are found to be fair and reasonable and are approved.

13. <u>Withholding and Reporting Requirements</u>. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions under the Plan. All Persons holding Claims shall be required to provide any information necessary to effect the withholding of such taxes. Allowed Claims of

Holders otherwise entitled to receive a distribution under the Plan but who fail to provide a complete IRS W-9 form within thirty (30) days after request is made by the Plan Administrator shall be entitled to no distribution without further order of the Bankruptcy Court; *provided, however,* that where any such Holder would be entitled to receive a distribution of $10,000 or more, the Plan Administrator shall seek an order of the Bankruptcy Court expunging the Claim..

14. <u>Dissolution of Committee</u>. Upon the occurrence of the Effective Date, the Committee shall be dissolved, and each individual member and any retained Professional shall be discharged from any further activities in the Chapter 11 Cases. The professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for services rendered or expenses incurred after the Effective Date, except for reasonable fees for (i) services rendered, and actual and necessary expenses incurred, in connection with any applications for allowance of compensation and reimbursement of expenses pending on the Effective Date or filed and served after the Effective Date for services provided prior to the Effective Date or (ii) services rendered, and actual and necessary expenses incurred, in connection with the selection of any successor Plan Administrator pursuant to Section 5.3 of the Plan.

15. <u>Deadline for Filing Professional Fee Claims</u>. Professionals requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code relating to services incurred on and after the Petition Date and prior to and including the Effective Date must file an application for final allowance of compensation and reimbursement of expenses no later than 45 days after the Effective Date. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

Such final fee applications shall also be served on each of the following parties at the time that they are filed:

**The Post-Confirmation Debtors and Plan Administrator:**

Steven D. Sass LLC
Plan Administrator
P.O. Box 45
Clarksville, MD 21029

**Counsel for the Debtors**

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones
Jeffrey W. Dulberg
Michael R. Seidl
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Committee:**

ARENT FOX LLP
Schuyler G. Carroll
1675 Broadway
New York, NY 10019

**United States Trustee:**

OFFICE OF THE UNITED STATES
TRUSTEE
Attn: David Buchbinder, Esq.
844 King Street, Room 2207, Lockbox 35
Wilmington, DE 19801

16.  <u>Objections to Claims</u>.  Objections to Claims shall be filed with the Bankruptcy Court and served upon affected Creditors no later than one hundred twenty (120) days after the Effective Date, *provided, however*, that this deadline may be extended by the Bankruptcy Court upon motion of the Plan Administrator.  Notwithstanding the foregoing, in the event that a party filing any Claim after the applicable Bar Date shall obtain the written consent of the Plan Administrator to file such Claim late or obtains an order of the Bankruptcy Court upon notice to the Plan Administrator that permits the late filing of the Claim, then the Plan Administrator and Post-Confirmation Debtors shall have one hundred twenty (120) days from the date of such written consent or order to object to such Claim, which deadline may be extended by the Bankruptcy Court upon motion of the Plan Administrator.  Subject to

Bankruptcy Court approval, objections to Claims may be litigated to judgment, settled, or withdrawn by the Plan Administrator consistent with Article 5.2 of the Plan.

17. <u>Reserve for Plan Expenses and Disputed Claim Reserve</u>. Prior to making any distributions, the Plan Administrator shall set aside, deduct and reserve an amount of Cash equal to the estimated amount of Plan Expenses. Any Cash in such Plan Expense reserve that the Plan Administrator deems to be excess prior to the closing of the Chapter 11 Case shall be distributed to Holders of Allowed Claims and Interests pursuant to Article 4 of the Plan.

On and after the Effective Date, the Plan Administrator shall establish and maintain reserves for all Disputed Claims. For purposes of establishing a reserve, Cash will be set aside equal to the amount that would have been distributed to the Holders of Disputed Claims in such Class had their Disputed Claims been deemed Allowed Claims on the Effective Date or such other amount as may be approved by the Bankruptcy Court upon motion of the Plan Administrator. If, when, and to the extent any such Disputed Claim becomes an Allowed Claim by Final Order or by settlement by the Plan Administrator, the relevant portion of the Cash held in reserve therefor shall be distributed by the Plan Administrator to the Creditor. The balance of such Cash, if any, remaining after all Disputed Claims have been resolved, shall be distributed Pro Rata to all Holders of Allowed Claims in accordance with Article 4 of the Plan. No payments or distributions shall be made with respect to a Claim which is a Disputed Claim pending the resolution of the dispute by settlement or Final Order.

18. <u>Retention of Jurisdiction</u>. Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under this Plan have been made and performed by the Plan Administrator, the

Bankruptcy Court shall retain jurisdiction as is legally permissible, including, without limitation, for the purposes described in Article 9.1 of the Plan.

19.     <u>United States Trustee Fees</u>.  All outstanding amounts due under 28 U.S.C. § 1930 that have not been paid shall be paid by the Debtors on or before the Effective Date.  Thereafter, the Plan Administrator shall pay any statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the case.

20.     <u>Approval of Exculpation, Releases, and Confirmation Injunction</u>.  The Exculpation Provision (Article 10.6) and Injunction (Article 10.7) are approved.

a.     <u>Exculpation</u>.  Except as otherwise provided by the Plan or the Confirmation Order or other Final order of the Bankruptcy Court, on the Effective Date, the Debtors, certain of the Debtors' officers and directors expressly limited to Charles Goodrich, Philip Manoff, and Michael Miyaki, the Committee and its individual members, the Plan Administrator, and their respective bankruptcy professionals including attorneys and financial advisors, and their successors and assigns, shall be deemed released by each of them against the other of and from any claims, obligations, rights, causes of action and liabilities for any act or omission in connection with, or arising out of, the Chapter 11 Cases, including, without limiting the generality of the foregoing, all sales of assets, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions that constitute willful misconduct, gross negligence or fraud, and all

such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code.

        b.      <u>Injunction</u>. Except as otherwise provided in the Plan, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against the Debtors or Interests in the Debtors are, with respect to any such Claims or Interests, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors' Estates, the Post-Confirmation Debtors, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator, or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Debtors' Estates, the Post-Confirmation Debtors, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors' Estates, the Post-Confirmation Debtors, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to any of the foregoing Entities, including without limitation the Plan Administrator; (d) asserting any right of setoff, of any kind, directly or indirectly, against any obligation due the Debtors' Estates, the Post-Confirmation Debtors,

any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities, including without limitation the Plan Administrator; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. *Provided, however,* that this provision shall not in any way limit Ernst & Young LLP's right to respond (including, without limitation, the right assert counterclaims or setoff) to Litigation or Claims initiated by or asserted by the Post-Confirmation Debtors, the Plan Administrator or any other party entitled to pursue the Debtors' Claims.

21. <u>No Effect on Prior Releases</u>. Nothing in this Plan shall amend, alter, modify, change, or affect in any manner, any release previously approved by the Bankruptcy Court.

22. <u>Effective Date</u>. The Effective Date of the Plan means the date selected by the Plan Proponents which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect, and (b) all conditions specified in Article 8 of the Plan have been satisfied, unless waived by the Plan Proponents.

23. <u>Substantial Consummation</u>. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

24. <u>Substantive Consolidation</u>. The Chapter 11 Cases are substantively consolidated for distribution and voting purposes. On the Effective Date: (a) no Distributions will be made under the Plan on account of the Intercompany Claims; (b) the guarantees of the Debtors will be deemed eliminated so that any Claim against the Debtors and any guarantee thereof executed by any Debtor and any joint and several liability of the Debtors with one another will be deemed to be one obligation of these Debtors; (c) each and every Claim against

the Debtors will be deemed asserted as a single Claim against the Debtors as a whole, and will be treated in the same Class regardless of the Debtor; and (d) all distributions on account of Allowed Claims will be made from The Parent Company. Additionally, notwithstanding the substantive consolidation herein, substantive consolidation shall not affect the obligation of each and every one of the Debtors under 28 U.S.C. § 1930(a)(6) until a particular case is closed, converted, or dismissed.

25. _Preservation of Rights of Action_. On the Effective Date, any right, claim or cause of action, belonging to the Debtors or their estates or to the Committee against any Person or Entity, including without limitation, any Litigation, and including specifically preference actions that, by agreement of the Debtors and the Committee approved by the Bankruptcy Court on June 5, 2009, were previously assigned to the Committee shall be vested in and retained by the Post-Confirmation Debtors. The Plan Administrator shall pursue, settle, or release all reserved Litigation, as appropriate, in accordance with the best interest of and for the benefit of the Creditors entitled to receive distributions under the Plan.

26. _Effect of Conflict Between the Plan and Confirmation Order_. If there is any inconsistency between the terms of the Plan and the terms of the Confirmation Order, the terms of the Confirmation Order shall govern and control.

27. _Final Order_. The Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

28. _Waiver of Stay_. The stay of the Confirmation Order provided by any Bankruptcy Rule (including Bankruptcy Rules 3020(e), 6004(h) and 6006(d), whether for

fourteen (14) days or otherwise, is hereby waived, and the Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

29. <u>Authorizations to Take Acts Necessary to Implement Plan</u>. The Debtors and the Plan Administrator, as applicable, may take all actions to execute, deliver, file or record such contracts, instruments, releases, leases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan without the need for any further notice to or action, order or approval of the Bankruptcy Court, or other act or action under applicable law, regulation, order or rule except for those expressly required pursuant to the Plan. All matters provided for pursuant to the Plan that would otherwise require approval of the shareholders, directors, managers or members of the Debtors or shall be deemed to have been so approved and shall be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the shareholders, directors, managers or members of the Debtors, or the need for any approvals, authorizations, actions or consents except as otherwise expressly required pursuant to the Plan.

30. <u>Notice of Confirmation Order</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of the entry of the Confirmation Order, substantially in the form annexed hereto as **Exhibit B**, to all parties who hold a Claim or Equity Interest in the Chapter 11 Cases, including those parties who have requested service of papers under Bankruptcy Rule 2002 and the U.S. Trustee. Such notice is hereby approved in all respects and shall be deemed good and sufficient

notice of entry of the Confirmation Order and the post-confirmation filing deadlines set forth herein.

Dated: August 17, 2010

The Honorable Brendan L. Shannon
United States Bankruptcy Judge